Opinion by Judge NOONAN; Dissent by Judge PREGERSON.
*1047 NOONAN, Circuit Judge:
This dispute arises from a wrongful death action initiated by Mari Daniel on behalf of her husband and her father, Melvin Daniel and Fred Ramiskey.
FACTS
In September of 2006, Robert Haney, Fred Ramiskey, and Melvin Daniel went on a hunting trip in the Chambers Lake area near Packwood, Washington, staying in Daniel’s twenty-five foot camper. Haney was the owner of a Coleman Power-mate 5045 heater, which was purchased in 1995. Coleman describes the Powermate 5045 as a “commercial” grade heater, and the package label identifies it as an “industrial” heater. It operates off of 20-pound or larger propane tanks and is rated at up to 45,000 Btu of heat output. The warning on the base of the heater states: “Follow instructions and Warnings to avoid fires, serious injury or death. For outdoor or well ventilated construction use only. Never use inside house, camper, tent, vehicle or other unventilated or enclosed area.” Haney had seen the warning but had not read its contents. The Powermate 5045 also includes product instructions which direct users to open the propane tank fully and to relight the heater if the flame does not glow red.
During a cold night, Haney retrieved the Powermate 5045 and, with Daniel and Ramiske/s approval, operated the heater inside of the camper for about one hour. Haney opened the window to the camper four inches while the heater was in use. Haney estimates that he operated the heater on its “high” setting for half an hour, and on its lowest setting for the remainder of the hour. These estimates were confirmed through further tests by the local sheriff detectives after the accident.
That night, Daniel and Ramiskey died of carbon monoxide poisoning. Haney survived.
PROCEEDINGS
Marie Daniel filed this lawsuit in December of 2006, asserting wrongful death claims under Washington law. Daniel claimed that Coleman failed to provide adequate warnings at the time of manufacture. Daniel also claimed that Coleman’s knowledge of other incidents involving its heaters created a post-manufacture duty to warn of the risks associated with the Powermate 5045. Finally, Daniel claimed that the heater was defectively designed because it was more dangerous than a reasonable consumer would expect, and because it lacked alternative design features which would have made the heater more safe. The district court dismissed Daniel’s post-sale duty to warn claim, but allowed the other claims to proceed to trial.
During the trial, the jury heard of five other incidents in which eight people died as a result of carbon monoxide poisoning while using the Powermate 5045 in enclosed spaces. The court, however, did not admit other evidence of cases in which users of different Coleman heater models were killed by carbon monoxide.
The jury returned a verdict that the Coleman Powermate 5045 was reasonably safe in its design and time-of-manufacture warnings. Daniel filed a motion for a new trial on the grounds that the district court erred when it dismissed Daniel’s post-sale duty to warn claim, and that several of the court’s evidentiary rulings were erroneous and prejudicial. The district court rejected the motion. Daniel appeals.
ANALYSIS
Daniel argues that the district court erred when it failed to instruct the *1048 jury that Coleman had a post-sale duty to warn about the risk of carbon monoxide poisoning that results from operating the Powermate 5045 in “enclosed areas and ... with the fuel flow reduced.” Daniel’s argument is without merit. Whether a duty to warn exists is “a question of law that generally depends on mixed considerations of logic, common sense, justice, policy, and precedent.” See Simonetta v. Viad Corp., 165 Wash.2d 341, 197 P.3d 127 (2008). Here, Daniel does not present evidence of a new and distinct danger which arose after the point of sale. The danger of carbon monoxide poisoning was known to Coleman before the sale, and the heater was sold with warnings that, if followed, would prevent carbon monoxide poisoning. The jury found that the point-of-sale warnings on the Powermate 5045 adequately covered the risk of using the heater inside a camper and at reduced fuel flow. Daniel does not contest this finding on appeal. The district court properly held that there was no post-sale duty to warn of a danger already accounted for.
Daniel also argues that the district court erred when it precluded the admission of evidence regarding a number of carbon monoxide deaths resulting from the use of other models of Coleman heaters. According to Daniel, the evidence was admissible to prove that Coleman had knowledge or notice that its propane heaters posed a carbon monoxide danger. However, the parties stipulated during pretrial that “Coleman is aware of incidents in which consumers have allegedly operated Coleman propane radiant heaters in enclosed spaces resulting in the consumers’ death from carbon monoxide poisoning.” These admissions were read to the jury several times and precluded the need to introduce specific evidence of other incidents to prove notice or knowledge.
Nor was the evidence likely to be admissible to prove the substance of Daniel’s design defect and negligence claims. The record suggests that much of the evidence was not in admissible form. Moreover, the Powermate 5045 heaters were marked for “outdoor,” “industrial,” and “construction” use; they were physically larger and more powerful than the heaters involved in the other incidents; and they included different warning language relating to use in enclosed areas. The district court acted within its discretion when it referred to these factors in finding that accidents caused by Coleman’s other heater models were not “substantially similar” to the accident in the present case. See Cooper v. Firestone Tire and Rubber Co., 945 F.2d 1103, 1105 (9th Cir.1991) (citations omitted) (“[a] showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect”).
Daniel also disputes the district court’s decision to exclude the results of several tests performed by Coleman on its indoor “camping” heater, the Focus 5, as well as evidence of a 1992 warning campaign associated with the same heater. According to Daniel, the excluded evidence would have shown that Coleman knew that its heaters generated increased levels of carbon monoxide when operated at reduced fuel flow. However, Daniel was permitted to present substantially equivalent evidence at trial to prove this very point. Several witnesses, including two that were Coleman employees, testified that Coleman knew, from its tests in the 80s and 90s, that running a propane heater at low fuel flow could potentially produce higher levels of CO. See Trial Transcript at 337. Results from several of the tests mentioned were admitted as exhibits during trial. Because the evidentiary decision is unlikely to have caused Daniel substantial prejudice, the court’s ruling does not *1049 constitute reversible error. See Harper v. City of Los Angeles, 533 F.3d 1010, 1030 (9th Cir.2008).
Daniel’s final challenge is to the district court’s decision, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, to exclude a report from Daniel’s expert, Hutter, on the grounds that it was untimely. We find no error in the district court’s application of the Rule 37(c) sanctions. Daniel’s late report sought to substantiate deposition testimony that was taken early in the discovery process. The untimeliness was neither justified nor harmless.
For the foregoing reasons, the judgment of the district court is AFFIRMED.