**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD S. ARNOLD, | No. 14-35626 |
| Plaintiff-Appellant, | D.C. No. 4:12-cv-00028-RRB |
| v. | |
| SAM'S CLUB, Store #6603, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Ronald S. Arnold appeals pro se from the district court's judgment following

a jury verdict for defendant Sam's Club in his negligence action. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the

district court's evidentiary rulings. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1032 (9th Cir. 2003).  We affirm.

The district court did not abuse its discretion in excluding from evidence various items that Arnold sought to admit because the evidence was either not authenticated or irrelevant, or both.  *See* Fed. R. Evid. 401, 901.

Moreover, the district court did not abuse its discretion in excluding reports of other slip-and-fall incidents at Sam's Club because the reports were not authenticated, *see* Fed. R. Evid. 901, and Arnold failed to establish that all of the incidents occurred under substantially similar circumstances, *see Daniel v. Coleman Co. Inc.*, 599 F.3d 1045, 1048 (9th Cir. 2010) (stating that a "showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by participating in the questioning of Gene Bloom in order to clarify Arnold's questions and to prevent the undue repetition of testimony.  *See Swinton v. Potomac Corp.*, 270 F.3d 794, 808 (9th Cir. 2001) (district court has "wide discretion to participate in the questioning of witnesses" and "[i]t is entirely proper for [the district court] to participate in the examination of witnesses for the purpose of clarifying the evidence, . . . controlling the orderly presentation of the evidence, and preventing

undue repetition of testimony" (citation and internal quotation marks omitted)).

To the extent that Arnold contends that the district court erred in denying his motion to compel Sam's Club to produce an Alaska employee manual, the district court did not abuse its discretion because Sam's Club represented that it had produced all of its written maintenance policies and procedures. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion by admitting into evidence the customer incident report signed by Arnold because Arnold stated that he did not object to its admission. *See McEuin*, 328 F.3d at 1032 (setting forth standard of review); *United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir. 1986) (a party who has stipulated to the admission of evidence cannot later complain about its admissibility).

The district court did not abuse its discretion by informing prospective jurors during voir dire that Arnold is African American and asking whether they could be fair to him. *See Paine v. City of Lompoc*, 160 F.3d 562, 564 (9th Cir. 1998) ("A district judge has broad discretion in how to conduct the voir dire, and we review only for abuse of discretion."); *id.* ("[V]oir dire ought to be adequate to assure an impartial jury[.]").

The district court's supplemental instructions to the jury in response to its

questions were not plainly erroneous because the instructions correctly stated the applicable legal standards. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1016-18 (9th Cir. 2014) (en banc) (in civil cases, where party fails to object to jury instructions, court reviews for plain error: "whether (1) there was an error; (2) the error was obvious; and (3) the error affected substantial rights").

We reject as unsupported by the record Arnold's contention that the district court erroneously "removed" punitive damages from the case because Arnold sought compensatory damages only.

We do not consider issues not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Arnold's July 27, 2015 request for an extension of time to file the reply brief is granted. The Clerk shall file the reply brief received on September 30, 2015.

All other pending requests and motions are denied.

**AFFIRMED.**