**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KASPER SMOKE KASTLE, LLC, an Arizona limited liability company,<br><br>     Plaintiff-Appellant,<br><br>  v.<br><br>ATLANTIC CASUALTY INSURANCE COMPANY, a North Carolina company,<br><br>     Defendant-Appellee. | No.   20-15296<br><br>D.C. No. 2:18-cv-00950-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

| | |
|---|---|
| KASPER SMOKE KASTLE, LLC, an Arizona limited liability company,<br><br>     Plaintiff-Appellee,<br><br>  v.<br><br>ATLANTIC CASUALTY INSURANCE COMPANY, a North Carolina company,<br><br>     Defendant-Appellant. | No.   20-15797<br><br>D.C. No. 2:18-cv-00950-JAT |

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted May 4, 2021
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and FRIEDMAN,[**] District Judge.

This case arises from claims for breach of an insurance contract and bad faith. A fire damaged plaintiff Kasper Smoke Kastle, LLC's (Kasper) convenience store in Arizona. Kasper sued its insurance carrier, Atlantic Casualty Insurance Company (ACIC), over a disagreement about the value of Kasper's loss. Sitting in diversity, the district court granted summary judgment for ACIC on Kasper's bad faith claim. At trial, a jury awarded Kasper $94,013.59 in damages on its breach of contract claim. Kasper appeals, contending the district court erred by granting summary judgment for ACIC on Kasper's bad faith claim. ACIC cross-appeals, contending the district court abused its discretion by denying ACIC's motion in limine, and its renewed objection at trial. Both involved the district court's determinations not to exclude evidence that Kasper retained possession of some of

---

[**] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

the property, and that the property had been insufficiently cleaned. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1.      We review de novo a district court's decision to grant summary judgment. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The panel views the evidence in the light most favorable to the non-moving party. *Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017).

The district court did not err by granting summary judgment to ACIC on Kasper's bad faith claim. Kasper failed to show ACIC "knew or was conscious of the fact that its conduct was unreasonable" as required by Arizona law. *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 280 (Ariz. 2000); *see also Nardelli v. Metro. Grp. Prop. & Cas. Ins.*, 277 P.3d 789, 794–95 (Ariz. Ct. App. 2012). ACIC recommended three adjusters to Kasper, and Kasper selected one of them. The evidence does not show that Kasper's first adjuster, Resolution, was biased or otherwise improperly affiliated with ACIC. After receiving the adjuster's valuation, ACIC made an inquiry into the adjuster's methodology before paying

---

[1] The parties are familiar with the facts, and we recount them only as necessary to resolve the issues on appeal.

the adjuster's valuation to Kasper in full.  Kasper objected to Resolution's valuation and hired a second adjuster, but ACIC reasonably determined that the second adjuster's valuation was too high because the second adjuster did not independently appraise the value of the property, relying instead on Kasper's statements concerning the property's retail value.

2.     On the cross-appeal, we review for abuse of discretion the district court's decision to exclude evidence for failure to timely disclose, and a showing of prejudice is required for reversal. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014).

The district court did not abuse its discretion by denying ACIC's motion in limine and renewed objection at trial.  The court determined Kasper's representative testified at his deposition, several weeks before fact discovery closed, that Kasper was in possession of some of the business personal property. ACIC did not ask for an extension of the discovery period, serve any additional written discovery requests, or attempt to determine whether the property had been properly cleaned despite Kasper's claim, from the outset, that some of the property deemed cleanable was actually not salvageable at all.  ACIC argues that the district court's failure to state its reasoning for its ruling on the motion in limine warrants reversal and remand.  This is incorrect. *See Barranco v. 3D Sys. Corp.*, 952 F.3d

1122, 1128 n.4 (9th Cir. 2020) ("The district court did not err by ruling on Barranco's motion *in limine* without explaining its reasoning.").

ACIC also argues the district court did not consider whether Kasper demonstrated good cause for its delayed disclosure of its continued possession of the business personal property damaged in the fire. But the plain text of Federal Rule of Civil Procedure 37(c) is in the disjunctive. It provides that sanctions are to be imposed for failure to disclose or supplement the discovery or disclosures required by Rule 26 "unless the failure is substantially justified or is harmless." A district court may rely on either a finding of good cause, or a finding that failure to timely disclose was harmless, in determining whether to impose discovery sanctions pursuant to Rule 37. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). The district court did not abuse its discretion by concluding Kasper met its burden to show any delayed disclosure was harmless because Kasper disclosed its possession of the property during William Sayegh's deposition. Kasper also argued throughout the litigation that some of the business personal property was in fact not cleanable, and claimed much of the property was nonsalvageable. *Cf. id.*

Finally, we conclude ACIC has waived any argument that the district court erred by excluding Jason Mosher's rebuttal testimony because ACIC does not

5

articulate this argument until its reply brief. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (explaining we do not "ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief"). Further, any error was likely harmless because neither party argues that Mosher was precluded from testifying as to his first inspection of the same property. *See Daniel v. Coleman Co.*, 599 F.3d 1045, 1048–49 (9th Cir. 2010) ("Daniel was permitted to present substantially equivalent evidence at trial to prove this very point. . . . Because the evidentiary decision [to exclude additional evidence proving that point] is unlikely to have caused Daniel substantial prejudice, the court's ruling does not constitute reversible error.").

**AFFIRMED.** The parties shall bear their own costs on appeal.